UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>JOEL MICHAEL MAX,<br>Defendant. | 1:18-CR-10033-CBK<br>ORDER |

Defendant pleaded guilty to abusive sexual contact and was sentenced on June 3, 2019, to 120 months imprisonment. Based upon a total offense level of 40 and a criminal history category of I, defendant's guideline sentencing range was 292 – 365 months, limited by the statutory maximum penalty of 120 months. The BOP has calculated his release date as December 11, 2026. https://www.bop.gov/inmateloc/, last visited January 29, 2024.

Defendant filed a motion for compassionate release under the First Step Act. This case has been categorized as a low priority case. The Public Defender has filed a notice of intent not to supplement the motion. The government objects to the motion.

## DECISION

The Sentencing Reform Act of 1984, Pub. L. 98-473, Title II, § 212, authorized, *inter alia*, the district court, upon motion of the Director of the BOP, to reduce a prison term after considering the factors set forth in 18 U.S.C. § 3553(a), "if it finds that extraordinary and compelling reasons warrant such a reduction and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The United States Sentencing Commission was established by the Sentencing Reform Act, codified at 18 U.S.C. § 3582(c)(1)(A). Effective November 1, 2006, the Sentencing Commission adopted Guideline §1B1.13, the policy statement on reduction of a term of imprisonment pursuant to § 3582(c)(1)(A). These provisions are known as the

compassionate release provisions of the federal criminal code and the Federal Sentencing Guidelines.

On December 21, 2018, the First Step Act of 2018 was enacted. Pub. L. 115-391. The First Step Act amended, *inter alia*, § 3582(c)(1)(A) to increase the use and transparency of the compassionate release process. The Act added district court authority to grant compassionate release upon motion of a defendant after the exhaustion of administrative remedies. Effective November 1, 2023, the United States Sentencing Commission amended § 1B1.13, Amendment 814, to respond to the amendments to the First Step Act of 2018, commanding the Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." Amendment 814 "expands the list of specified extraordinary and compelling reasons that can warrant sentence reductions; retains the existing 'other reasons' catchall; provides specific guidance with regard to the permissible consideration of changes in the law; and responds to case law that developed after the enactment of the First Step Act." As applicable to this defendant, the amendment addressed the medical circumstances which may warrant a reduced sentence.

> The first of the two new subcategories under "Medical Circumstances of the Defendant" applies when a defendant is "suffering from a medical condition that requires long-term or specialized medical care that is not being provided" and who, without that care, "is at risk of serious deterioration in health or death." The second applies when a defendant, due to personal health risk factors and custodial status, is at increased risk of suffering severe medical complications or death as a result of exposure to an ongoing outbreak of infectious disease or public health emergency.

USSG Amendment 814, Reason for Amendment.

Defendant contends that compassionate release is warranted by 18 U.S.C. § 3582(c)(1)(A)(i) and USSG § 1B1.13(b). Defendant claims that his medical condition, deep vein thrombosis (DVT), warrants a reduction in sentence and his early release from prison. Defendant's current medical situation is that his condition is considered a health risk that will need to be continually monitored and he will likely need to receive

anticoagulants the rest of his life to reduce the risk of a future blood clot. Defendant's medical records show that he is receiving medical care at FCI Sandstone.

Defendant further contends that compassionate release is warranted by USSG § 1B1.13(b)(5), commonly referred to as the "catch-all" provision. Under that provision, "extraordinary and compelling reasons" exist authorizing compassionate release if:

> The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).

Defendant contends that he received negligent medical care while in BOP custody which resulted in his condition being a permanent threat to his life, warranting early release. Defendant contends that this Court should, without medical or legal proof, conclude that the BOP caused his medical condition or caused it to be more serious. I decline to do so.

Even if defendant's medical circumstances and current health conditions establish extraordinary and compelling reasons justifying his early release, I must still consider the provisions of 18 U.S.C. § 3553 in determining whether defendant is entitled to an earlier release.

The presentence report states that the defendant, age 29 at the time, was sexually abusing his then 13-year-old step-daughter when his wife walked into the room and discovered the offense. The victim claimed that the defendant had been sexually abusing her for two years. Defendant did not object to the facts set forth in the presentence report.

The last offense occurred on June 2, 2018, and the defendant was arrested by tribal authorities on June 4, 2018. He was held in tribal custody until taken into federal custody pursuant to a writ of habeas corpus *ad prosequendum* on October 5, 2018. Defendant has been in federal custody since that time. It appears from the file herein that the BOP gave defendant credit for all time termed beginning June 4, 2018. He was thus credited with 12 months' time served in tribal custody prior to arrest on the federal indictment. As of November 6, 2023, the date of his motion for compassionate release, defendant had

served sixty-five months of his sentence and, considering good time credits, was expected to be released 25 months later.

Defendant "bears the burden to establish that compassionate release is warranted." United States v. Avalos Banderas, 39 F.4th 1059, 1062 (8th Cir. 2022). I find that compassionate release is not warranted in this case. Defendant's offense conduct warranted a sentence of no less than 24 years. The government agreed to allow defendant to plead guilty to a crime limiting his custodial sentence to ten years. A charge of aggravated sexual abuse of a child, warranting a mandatory minimum sentence of 30 years imprisonment, was dismissed as part of the plea agreement. However, the uncontested facts set forth in the presentence report show that defendant did in fact repeatedly engage in aggravated sexual abuse of the victim, beginning when she was age eleven. He penetrated her vagina and anus and the abuse occurred at least twice weekly, causing her serious pain.

I find that defendant is not entitled to compassionate release. He is a danger to the community and a lower sentence would not serve the interests in protecting the public and affording just punishment to the defendant for his offense conduct.

## ORDER

Based upon the foregoing,

IT IS ORDERED:

1. Defendant's motion, Doc. 44, for compassionate release is denied.

2. Defendant's motion, Doc. 50, for enlargement of time to respond is moot, the defendant having filed his response and the Court having considered the arguments therein.

DATED this 3rd day of February, 2024.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

4